UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-2198-BLG

UNITED STATES OF AMERICA

vs.

DOMENICK JAGNE,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY: _____
                MATTHEW J. LANGLEY
                ASSISTANT UNITED STATES ATTORNEY
                Florida Bar No. 97331
                99 N.E. 4th Street, 6th Floor
                Miami, Florida   33132-2111
                TEL: (305) 961-9123
                FAX: (305) 530-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>DOMENICK JAGNE,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 15-2198-BLG<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 23, 2015__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Tamira Horn, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __02/24/2015__

_____
*Judge's signature*

City and state: __Miami, Florida__   Barry L. Garber, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Tamira Horn, being duly sworn, depose and state the following:

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) located in Miami, Florida and have been so employed since July of 2001. As a Special Agent, I have received training in and participated in investigations involving the illegal possession of firearms by prohibited persons and the unlawful exportation of firearms. As part of my duties, I am responsible for investigations of Federal laws pertaining to violent criminals and criminal organizations and their possession and use of firearms, the illegal use and trafficking of firearms, the illegal use and improper storage of explosives, and acts of arson and bombings. Prior to being employed by ATF, I was employed by the State of Florida, Department of Corrections, as a Probation Officer located in Miami-Dade County.

2. The facts of this affidavit are the result of my own investigation and that of other law enforcement agencies. This affidavit does not represent all of the information known to me relating to this case, but is limited to information necessary to establish probable cause to support this criminal complaint.

3. On February 23, 2015, at approximately 11:00 p.m., an officer with the City of Miami Police Department ("MPD"), while on routine patrol, initiated a bicycle traffic stop after observing an individual later identified as Domenick JAGNE riding westbound on N.W. 11th Street, from N.W. 3rd Avenue, on a "Huffy" bicycle. JAGNE was stopped pursuant to a Florida Uniform Traffic Citation for not having a mounted bike light.

4. JAGNE placed the bicycle on the ground behind a 2001 Ford Explorer which was parked at the curb. Upon making contact with JAGNE, the MPD officer observed JAGNE

1

place an unknown item in the front right wheel well/tire area of the 2001 Ford Explorer. JAGNE then immediately took flight westbound on N.W. 11th Street on foot. A short foot pursuit ensued after which JAGNE was taken into custody without incident. JAGNE was given multiple commands to stop and only became compliant and stopped running when the MPD officer took out his taser which was not discharged.

5. From the time officers initially observed JAGNE riding on N.W. 11th Street, from N.W. 3rd Avenue, there was no one else near the vicinity of the area. A search of the exterior of the 2001 Ford Explorer, in the area of the front right wheel well/tire area, revealed a loaded FN (Fabrique Nationale de Herstal) Baby, .25 caliber handgun, serial #176862. The firearm had a round of ammunition in the chamber and three (3) additional rounds of ammunition in the magazine.

6. A search of JAGNE's person revealed one (1) small "baggie" of marijuana in JAGNE's front left pants pocket. When asked why he fled, JAGNE stated (Pre-Miranda) that he fled because he had a "baggie" of marijuana on him and because he was on probation. After I arrived, JAGNE was advised of his Miranda rights and JAGNE invoked. No further questions were asked regarding the facts of this case. During the completion of JAGNE's processing paperwork, without inquiry, JAGNE stated that he was leaving from buying a bag of marijuana when the officer stopped him for not having a light on his bicycle.

7. A search of JAGNE's criminal history revealed that JAGNE has a number of state felony convictions in Miami-Dade County, including: a 2004 conviction for carrying a concealed firearm and selling a controlled substance in a school zone; a 2005 conviction for the sale of cocaine with the intent to distribute; a 2013 conviction for the sale of cocaine with

the intent to distribute; and a 2014 conviction for the sale of cocaine with the intent to distribute.

8. A further search of JAGNE's criminal history revealed that JAGNE has a 2007 federal felony conviction, in the Southern District of Florida, for conspiracy to possess with the intent to distribute heroin and possession with the intent to distribute heroin.

9. The firearm, a FN (Fabrique Nationale de Herstal) Baby, .25 caliber handgun, serial #176862, has been determined to have previously traveled in interstate and/or foreign commerce having been manufactured outside of the United States and subsequently discovered in the State of Florida.

10. Based on the information provided above, I respectfully submit that there is probable cause to believe that on or about February 23, 2015, in Miami-Dade County, in the Southern District of Florida, Domenick JAGNE having five (5) prior felony convictions punishable by terms of imprisonment exceeding one (1) year, did possess a firearm which has been shipped or transported in interstate and/or foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
TAMIRA HORN, SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES

Sworn to and subscribed before me this
24 day of February, 2015, in Miami, Florida

_____
HONORABLE BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

3